IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SIDNEY MARTS,
    Petitioner,

Case No.:  3:15cv399/RV/EMT

JULIE JONES,
    Respondent.
_____

## REPORT AND RECOMMENDATION

This cause is before the court on an amended petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (ECF No. 18).  Respondent filed a motion to dismiss the petition, on the ground that it fails to present any valid basis for relief under § 2254 (ECF No. 29).  Petitioner opposes Respondent's motion to dismiss (ECF No. 31).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter,

Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the record before the court shows that the habeas petition should be dismissed for failure to state a cognizable claim.

I.   BACKGROUND AND PROCEDURAL HISTORY

Petitioner's amended § 2254 petition states he is challenging a September 3, 2008, conviction for fraudulent use of personal identification information (Count 1), uttering a forged instrument (Count 2), grand theft (Count 3), and resisting an officer without violence (Count 4), entered in the Circuit Court of Escambia County, Florida, Case No. 2007-CF-6067 (ECF No. 18 at 1). Petitioner was sentenced to three consecutive 5-year terms of imprisonment on Counts 1–3, and a 1-year term of imprisonment on Count 4, to run concurrently with the sentence on Count 1 (ECF No. 29, Ex. A).

Petitioner first challenged this conviction in 2008, when he sought habeas corpus relief under 28 U.S.C. § 2254 in this court. *See* Marts v. McNeil, Case No. 3:08cv250/RV/EMT, Petition (N.D. Fla. June 16, 2008). On May 13, 2009, the petition was dismissed without prejudice for failure to exhaust state court remedies. *Id.*, Order (N.D. Fla. May 13, 2009).

One year later, in July of 2010, Petitioner filed another § 2254 petition (ECF No. 29, Ex. B). *See* Marts v. Tucker, Case No. 3:10cv240/LAC/EMT, Petition (N.D. Fla. July 7, 2010). That petition was denied on May 17, 2012 (ECF No. 29, Exs. C, D). *Id.*, Order (N.D. Fla. May 17, 2012). Petitioner appealed the decision to the Eleventh Circuit Court of Appeals, Case No. 12-12950. *Id.*, Order (N.D. Fla. May 30, 2012). The Eleventh Circuit denied Petitioner's motion for certificate of appealability on October 18, 2012, and denied Petitioner's motion for reconsideration on December 4, 2012. *See Id.*, Order (11th Cir. Oct. 18, 2012), Order (11th Cir. Dec. 4, 2012).

In January of 2013, Petitioner filed another § 2254 petition. *See* Marts v. Sec'y, Fla. Dep't of Corr., Case No. 3:13cv25/MCR/EMT, Petition (N.D. Fla. Jan. 14, 2013). The petition asserted three grounds for relief. *Id.* at 6–11. Upon the court's advising Petitioner of the statutory requirement that "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application," *see id.*, Order (N.D. Fla. June 11, 2013 (citing 28 U.S.C. § 2244(b)(3)(A)), Petitioner requested that the court strike Grounds Two and Three of the petition, and construe Ground One as a Rule 60(b)(4) motion directed at the judgment in Case No. 3:10cv240/LAC/EMT. *See id.*, Response (N.D. Fla. June 21, 2013). Petitioner's

having abandoned Grounds Two and Three, the court determined that insofar as Petitioner argued in Ground One that the district court in Case No. 3:10cv240/LAC/EMT failed to consider the double jeopardy claim he raised in that case, he was not entitled to relief under Rule 60(b), because the district court considered the double jeopardy claim presented in that case (ECF No. 29, Ex. I). *See id.*, Report and Recommendation (N.D. Fla. June 27, 2013), Order (N.D. Fla. July 25, 2013). The court additionally determined that insofar as Petitioner was presenting a new double jeopardy claim, the court did not have jurisdiction to review it, because using Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents § 2244(b)(2)'s requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts, as well as the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar (*id.*). *Id.* Petitioner appealed the district court's decision to the Eleventh Circuit, but the Eleventh Circuit denied his motion for certificate of appealability. *See id.*, Mandate of USCA (N.D. Fla. Oct. 4, 2013).

On January 15, 2015, Petitioner filed, in the Eleventh Circuit, an application for leave to file a second or successive habeas petition (ECF No. 29, Ex. E). The Eleventh Circuit denied the application on January 20, 2015 (ECF No. 29, Ex. F).

On April 6, 2015, Petitioner filed a "Petition Nunc Pro Tunc" in Case No. 3:10cv240/LAC/EMT, citing Rules 52(a) and 60 of the Federal Rules of Civil Procedure (ECF No. 29, Ex. G). *See* Marts, No. 3:10cv240/LAC/EMT, Motion (N.D. Fla. Apr. 9, 2015). The district court denied the motion on the following grounds:

> It is clear from review of the petition that Petitioner seeks a second chance at habeas corpus relief from his state conviction. Thus, the instant petition is in essence a successive petition under 28 U.S.C. § 2254. Petitioner is first required to seek and receive permission from the Eleventh Circuit Court of Appeals before filing a successive petition. *See Gonzalez v. Secretary for Dept. of Corrections*, 366 F.3d 1253, 1277 (11th Cir. 2004). Although Petitioner states in his petition that the denial of his claim amounted to fraud, evidently in an effort to meet the fraud exception to the successive petition rule, Petitioner simply recasts the denials of relief, both in this Federal Court and in the State Court it was reviewing, in terms of fraud without any true evidence thereof. Such recasting of the claim is plainly insufficient to meet this exception. *See Post v. United States*, 129 Fed. Appx. 565, 567 (11th Cir. 2005)(citing Gonzalez).

(ECF No. 29, Ex. H). *See id.*, Order (Apr. 15, 2015).

Five months later, on September 1, 2015, Petitioner commenced this § 2254 action (ECF No. 18). In the amended § 2254 petition, Petitioner asserts he is challenging the state court judgment in Escambia County Case No. 2007-CF-6069 (*id.*

at 1).[1] Petitioner raises four grounds for relief, contending that this district court and the Eleventh Circuit misapplied federal law in adjudicating his prior habeas petitions (*id.* at 5–17).

Respondent seeks dismissal of the § 2254 petition, on the ground that it fails to present any valid basis for relief under § 2254, because Petitioner challenges only the federal courts' application of federal law in adjudicating his federal applications for post-conviction relief (ECF No. 29 at 2–3). Respondent contends that Petitioner should not be afforded an opportunity to file an amended petition to present claims that are cognizable under § 2254, because any such petition would be an unauthorized second or successive petition under § 2244(b), over which this court would lack jurisdiction (*id.* at 3–5).

In Petitioner's response to the motion to dismiss, he contends that the district court and the Eleventh Circuit engaged in fraud in the adjudications of his previous habeas petitions (ECF No. 31 at 2–5).

II. ANALYSIS

Under § 2254, "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court [shall be entertained] only on the

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system.

Case No.: 3:15cv399/RV/EMT

ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254 is not available to seek relief from federal judgments in prior § 2254 cases. The proper procedure for seeking relief from the judgment of a federal district court is to appeal the judgment to the appropriate federal court of appeals, or file a motion under Rule 60 of the Federal Rules of Civil Procedure, if the requirements of Rule 60 are satisfied. Petitioner is well aware of those avenues, as he has previously availed himself of both of them.

Additionally, as Petitioner is well aware, Congress placed statutory restrictions upon the filing of second or successive habeas petitions. Section 2244 of Title 28 of the United States Code provides:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(a), (b)(1)–(3); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152, 157, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to obtain order from court of appeals

authorizing him to file it); Fugate v. Dep't of Corr., 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Upon review of Petitioner's amended § 2254 petition, it is apparent that he is attempting to circumvent the statutory restrictions on second or successive petitions by couching his claims as challenges to the federal courts' adjudications of his previous habeas filings. In Ground One of the instant petition, Petitioner claims that this district court misapplied the Double Jeopardy Clause of the Fifth Amendment in adjudicating the double jeopardy claim he asserted in his habeas petition in Case No. 3:10cv240/LAC/EMT (*id.* at 5–6). Petitioner also argues a double jeopardy claim that was not asserted in Case No. 3:10cv240/LAC/EMT, specifically, that his state conviction violated double jeopardy because the trial court declared a mistrial, discharged the jury, and ordered Petitioner involuntarily committed to a mental health facility on February 27, 2008, without a competency hearing or a psychological report, and then retried him on September 3, 2008, again without a competency evaluation or hearing (*id.*). Petitioner attempted to raise this second double jeopardy claim in Case No. 3:13cv25/MCR/EMT, but this court determined that it lacked subject matter jurisdiction to consider the claim, pursuant to § 2244(b)(3). As with Petitioner's prior attempt to raise this second double jeopardy claim, this court still lacks jurisdiction to consider it, pursuant to § 2244(b)(3).

In Ground Two, Petitioner claims that this district court misapplied the Fourteenth Amendment in adjudicating the due process claim he asserted in his habeas petition in Case No. 3:10cv240/LAC/EMT (ECF No. 18 at 8–9). Petitioner's attempt to re-litigate this issue is also precluded by § 2244(b).

In Ground Three, Petitioner incorporates the facts asserted in Grounds One and Two, and contends that this court's failure to address Grounds One and Two on the merits constitutes a suspension of the writ, contrary to Article I, § 9 (ECF No. 18 at 10). The Supreme Court has rejected this argument. *See* Felker v. Turpin, 518 U.S. 651, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996) ("The added restrictions which the [AEDPA] places on second or successive petitions are well within the compass of this evolutionary process, and we hold that they do not amount to a 'suspension' of the writ contrary to Article I, § 9.").

In Ground Four, Petitioner incorporates the facts asserted in Grounds One, Two, and Three, and argues that the state trial court's failure to hold a competency hearing on February 27, 2008, prior to declaring a mistrial in Petitioner's first trial, deprived the state court of jurisdiction to prosecute, convict and sentence him in his second trial (ECF No. 18 at 12–17). Petitioner also reasserts the double jeopardy claim he asserts in Ground One (*id.*). As with Ground One, the statutory restrictions on filing second

Case No.: 3:15cv399/RV/EMT

or successive habeas petitions deprive this court of jurisdiction to consider Petitioner's claim.

III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 29) be **GRANTED**.

2. That Petitioner's amended habeas petition (ECF No. 18) be **DISMISSED**.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 21st day of April 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control**.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court=s order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**